# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| ANTWUAN ALLEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18-cv-155-JAR |
| | ) | |
| DEBBIE ECHELE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Antwuan Allen for leave to commence this civil action without prepayment of the required filing fee. Having reviewed the motion and the financial information submitted in support, the Court has determined to grant the motion, and assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). In addition, for the reasons discussed below, the Court will give plaintiff the opportunity to file an amended complaint.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

Plaintiff did not file a certified inmate account statement in support of the instant motion, but he did file a financial affidavit form averring that he received "a little money to buy commissary." (Docket No. 5). Subsequently, he filed a letter stating he was unable to obtain necessary documents to prove that his account balance was zero. The Court will therefore assess an initial partial filing fee of $1.00, an amount that is reasonable based upon the information the Court has about plaintiff's finances. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997). Any claim that plaintiff is unable to pay this amount must be supported by a copy of plaintiff's institution account statement.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2)(B), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,570 (2007).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause

of action [that are] supported by mere conclusory statements." *Id.* at 678. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 679. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 680-82.

*Pro se* complaints are to be liberally construed, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), but they still must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). The Court must weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004).

**The Complaint**

Plaintiff, an inmate at the St. Charles County Department of Corrections, filed the instant complaint pursuant to 42 U.S.C. § 1983 against Medical Director Debbie Echele, nurses Jessica Richard and Theresa Martin, Sargeant Baker Unknown, Sheriff Scott A. Lewis, and St. Charles County. He states that he sues the individual defendants in an official and individual capacity.

Plaintiff claims he has a history of stomach ulcers and bacterial infection, and that he suffers frequent hot and cold flashes due to hypoglycemia. Before his incarceration, he underwent stomach surgery. He claims he "had been told, inter alia, to consume a 'vegan' diet to get his health back on track." (Docket No. 1 at 3). He states that once he began consuming a vegan diet, his "stomach pains began to disappear." *Id.* at 4.

Upon his arrival at the St. Charles County Department of Corrections, plaintiff told "medical staff" of his dietary needs. *Id.* Once he was placed in a cell block, "defendants Echele, Richard, Martin and Sargeant Baker refused to give [him] a 100% vegan diet." *Id.* He claims he "is being told he can 'eat the regular food like everyone else,'" and that if he does not like the food he does not have to eat it. (Docket No. 1 at 4). Plaintiff claims this means he is "left to starve" and forced to trade his food trays for commissary items. *Id.* He claims he has lost weight, and that his stomach pains are "starting to return." *Id.* Plaintiff states that Echele, Martin, and Richard all told him it is jail policy to not accommodate such diets, that Sheriff Lewis approved of this policy, and it is the policy of St. Charles County to deny religious and medical diet requests of inmates. He states he "brings a Monell claim" against St. Charles County for "having a blanket policy of denying inmates' requests for religious diets and medical diets that are medically necessary." *Id.* He states he "brings a state law civil conspiracy claim and a civil conspiracy claim under 42 U.S.C. § 1983" against Baker, Richard, Martin and Echele for reaching an agreement to deny plaintiff a vegan diet. (Docket No. 1 at 4). He also states he brings claims of breach of duty and intentional infliction of emotional distress.

## Discussion

As pleaded, the complaint fails to state a claim upon which relief may be granted, and is therefore subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff does not allege

that the diet he was given was nutritionally inadequate, only that it was not 100% vegan. Plaintiff does state that he "had been told" to consume a vegan diet "to get his health back on track." *Id.* However, plaintiff's statements are too vague and conclusory to permit the inference that a vegan diet was actually medically necessary. Assuming a diet's nutritional adequacy, prison officials have the discretion to control its contents. *Divers v. Department of Corr.*, 921 F.2d 191, 194 (8th Cir. 1990) (citing *Burgin v. Nix*, 899 F.2d 733 (8th Cir. 1990)). The Court therefore concludes that the complaint fails to state a claim of deliberate indifference to plaintiff's serious medical needs.

Even if it could be said that a 100% vegan diet was medically necessary, plaintiff's claims would be dismissed because he has failed to allege facts showing what each named defendant did to violate his rights. Instead, plaintiff merely listed the names of some of the defendants and said they refused to give him a 100% vegan diet, and that he "is being told" he must consume the same food as everyone else. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights). Moreover, by merely lumping defendants into a group and providing no factual basis to distinguish their conduct, plaintiff has failed to give any named defendant fair notice of the grounds for the claims made against him or her. This practice results in a pleading that fails to comply with Rule 8(a) of the Federal Rules of Civil Procedure.

Plaintiff also alleges, again in a vague and conclusory manner, that the county has a policy of not accommodating religious or medical diets. This allegation fails to support any actionable *Monell* claim. *See Iqbal*, 556 U.S. at 678 ("[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"); *Ulrich v. Pope County,* 715 F.3d 1054, 1061 (8th Cir. 2013) (affirming district court's dismissal of a *Monell* claim where the plaintiff "alleged no facts in his complaint that would demonstrate the existence of a policy or custom" that caused the alleged deprivation of the plaintiff's rights); *see also Spiller v. City of Texas City, Police Dept.*, 130 F.3d 162, 167 (5th Cir. 1997) (to plead an actionable *Monell* claim "[t]he description of a policy or custom and its relationship to the underlying constitutional violation . . . cannot be conclusory; it must contain specific facts.").

Finally, plaintiff states that he brings a conspiracy claim against the defendants under federal and state law, and that he brings other state law claims. However, because he provides no factual detail permitting the inference that the defendants conspired with each other to deprive him of his rights, he fails to state a claim for conspiracy under § 1983. *See Burton v. St. Louis Bd. of Police Com'rs.*, 731 F.3d 784, 798 (8th Cir. 2013) (setting forth the elements necessary to plead a claim for conspiracy under § 1983). Moreover, because plaintiff's federal claims would be dismissed, the Court would also dismiss all remaining pendent state claims. *See* 28 U.S.C. § 1367(c)(3).

In consideration of plaintiff's *pro se* status, he will be given the opportunity to submit an amended complaint. Plaintiff is required to submit his amended complaint on a court-provided form, and it must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. Rule 8(a) requires that a complaint contain a "short and plain" statement of the claim showing that the

pleader is entitled to relief.  Rule 10(b) requires a party to state his claims in separately numbered paragraphs, each limited as far as practicable to a single set of circumstances.

Plaintiff must clearly identify each defendant against whom he is alleging a claim, and he must articulate, for each defendant he names, the facts about what that defendant did to violate his rights.  Plaintiff's failure to make specific factual allegations against any defendant will result in that defendant's dismissal from this case.  Plaintiff should also specify whether he is suing each defendant in his or her individual capacity, official capacity, or both.

Plaintiff shall have thirty (30) days from the date of this Memorandum and Order to file his amended complaint.  Plaintiff is warned that the filing of the amended complaint completely replaces the original.  Once plaintiff files an amended complaint, this Court will review it pursuant to 28 U.S.C. § 1915(e).  Plaintiff's failure to timely comply with this Order will result in the dismissal of this case, without prejudice and without further notice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* (Docket No. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk is directed to mail to plaintiff a copy of the Court's prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that plaintiff must file an amended complaint within thirty (30) days from the date of this Order.

**Plaintiff's failure to timely comply with this Order will result in the dismissal of this case, without prejudice and without further notice.**

Dated this 17th day of May, 2018.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE