UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| ANTWUAN ALLEN, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 4:18-cv-155-JAR |
|  | ) |  |
| DEBBIE ECHELE, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of the amended complaint, filed by plaintiff Antwuan Allen. For the reasons discussed below, this case will be dismissed without prejudice.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2)(B), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause

1

of action [that are] supported by mere conclusory statements." *Id.* at 678. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 679. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 680-82.

*Pro se* complaints are to be liberally construed, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), but they still must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). The Court must weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004).

**Background**

Plaintiff, a federal pretrial detainee at the St. Charles County Department of Corrections (hereafter "jail"), filed his original complaint pursuant to 42 U.S.C. § 1983 against Medical Director Debbie Echele, and several other members of jail staff. Plaintiff claimed he was told to consume a vegan diet due to his history of a bacterial infection and stomach surgery for ulcers. He also claimed that, when he consumed a vegan diet, his symptoms of stomach pain began to

2

disappear. Plaintiff also claimed he suffered frequent hot and cold flashes due to hypoglycemia. He claimed that, in spite of this, the defendants refused to give him a vegan diet. Along with the original complaint, plaintiff filed a motion for preliminary injunction, asking the Court to order the defendants to provide him with a 100% vegan diet.

Upon initial review of the complaint, the Court noted that it was subject to dismissal because plaintiff's statements were too vague and conclusory to permit the inference that a vegan diet was actually medically necessary. In addition, the Court noted that plaintiff had not alleged facts showing what each named defendant did to violate his rights. In consideration of plaintiff's *pro se* status, the Court directed plaintiff to file an amended complaint to cure the deficiencies. In so doing, the Court advised plaintiff of the necessity of pleading facts showing how each defendant he named was involved in the alleged wrongdoing. Plaintiff has filed an amended complaint, which the Court now reviews pursuant to 28 U.S.C. § 1915(e)(2).

## The Amended Complaint

Plaintiff filed the amended complaint pursuant to 42 U.S.C. § 1983 against ten members of the jail staff: Debbie Echele (Medical Director), T. Mills (Kitchen Supervisor), Nurses Corinne Unknown and Jeanette Unknown, Sergeant Baker, Lieutenant McKee, Corporal Clawson, Sheriff Scott Lewis, Corporal Allen, and Officer Wallette. He states he sues the defendants in an official and individual capacity.

Plaintiff alleges that, upon his arrival at the jail, "it was made known to intake staff that plaintiff was a practice of the monytheist religion,[1] on date (1-11-18)." (Docket No. 8 at 5). He alleges that "when seen by medical staff informed medical screener" that he had recently undergone stomach surgery. *Id.* Plaintiff writes: "Upon research and compelling belief plaintiff

---

[1] The Court presumes plaintiff is referring to monotheistic religion, which is the belief in the existence of only one God. Many different religions can be characterized as monotheistic.

3

believes that to be held to the Jewish dietary law was and is necessary." *Id.* He alleges that, on January 12, 2018, he "put a request to Food Services for a dietary change and was denied, per defendant T. Mills." *Id.* He states that on January 17 he "put another inquiry in" to food services and on January 18 "another attempt was made," but was denied by Echele. (Docket No. 8 at 5-6). Plaintiff writes, "on the same day a request was put in this through jail Medical Services and was told that the 'physical' upon entry warranted no medical/dietary restrictions per Nurse Corinne." *Id.* at 6. Plaintiff alleges he filed grievances that were not acknowledged or properly addressed.

Plaintiff alleges that, between the dates of February 17 and 27, 2018, he "corresponded with S. Wattelet[2] about religious items and was denied," and that between April 10 and 20, 2018, he "corresponded with defendant Cpl. Clawson about denied religious items with no accommodations being made." *Id.* at 7. He alleges he wrote grievances on defendant Allen, who gave an ambiguous answer.

Next, plaintiff alleges "at the start of 'Ramadan' (the holy month herein prescribed for fasting) of 2018, plaintiff asked again after being denied once for a Kosher meal seeing that meals are prepared by person with expertise in the rites and regulation of Hebrew dietary law. He was denied." *Id.* at 8. He also alleges that, on two occasions during Ramadan, he found hair in his food. Plaintiff alleges "because of plaintiff's original occurrence of the bacteria that caused his emergency surgery for the ulcer, plaintiff has asked and been denied numerous time which has caused him to if not go hungry trade food item on his tray for items that are packaged from commissary." (Docket No. 8 at 8).

Plaintiff then sets forth his legal claims for relief. He claims that Echele, Mills, Lewis, Wallette, Baker, Allen, Clawson, and McKee violated his fourteenth amendment rights "by

---

[2] This is an apparent reference to defendant Wallette.

4

denying plaintiff necessary accommodations, causing suffering, and emotional distress." *Id.* He claims that Echele, Mills, Lewis, Allen, Clawson and McKee "have used and continue to use the forms of deliberate indifference and duress to violate plaintiff's rights under the Eighth Amendment to the United States Constitution by denying plaintiff, causing him pain, suffering, physical injury and emotional distress." *Id.* at 9. He states he brings a state law civil conspiracy claim and a § 1983 civil conspiracy claim against Wallette, Echele, Mills, Clawson, Baker and McKee "for reaching an agreement to deny the plaintiff necessary religious accommodations." *Id.* He claims he brings a "claim of breach of duty against defendants Echele, Baker, Mills, Lewis, Wallette, Allen, McKee, Clawson, for breaching their duty for enforcing jail rules of practice that are religious, and have the main effect of advancing and setting back plaintiff religion, and encouragement of government with religion." (Docket No. 8 at 9). He states he brings a claim of breach of duty against Lewis, Baker, Clawson, McKee, and Allen for "enforcing jail rules, policies and practices of encouragement, of support or participation in religion." *Id.* at 10. He also brings a state law claim of intentional infliction of emotional distress, he alleges that Lewis created the policy that resulted in the denial of religious accommodations, and he claims that St. Charles has a "blanket policy" of denying inmates religious diets and items. *Id.* The latter is an apparent attempt to set forth a claim based upon *Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, 690-91 (1978).

Plaintiff then describes the injuries he sustained. He claims he suffered stomachaches and pain, malnourishment, recurring hemorrhoids, migraines, and emotional stress. He states that medical assistance was denied on different dates by different people, but he offers no details regarding the type of medical assistance or which particular defendants were involved. He asks the Court to order that defendants provide him a "kosher or similar diet where items are still in

5

their own skin, and overseen by Rabbi." (Docket No. 8 at 12). He also seeks $50,000.00 in damages from each defendant.

Along with the amended complaint, plaintiff filed a document titled "Order to Show Cause for a Preliminary Injunction" that was docketed as a motion for preliminary injunction. (Docket No. 9). The document is unsigned. Therein, plaintiff appears to seek a Court order directing the defendants to provide him with a kosher diet, and, alternately, a vegan diet. He claims he wants the diet due to his medical history. He makes vague reference to religious beliefs, but does not allege that he practices any religion in particular, nor does he allege that the diet is based upon religious teaching.

## Discussion

Plaintiff's claims against defendants Baker, Lewis, McKee, and Jeannette Unknown will be dismissed. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Here, plaintiff has not adequately alleged facts showing how Baker, Lewis, McKee, or Jeannette Unknown were directly involved in or personally responsible for the alleged violations of his constitutional rights. *See Martin v. Sargent*, 780 F.2d 1334 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege the personal responsibility of defendant). To the extent plaintiff can be understood to proceed against Lewis or any other defendant on the basis that he or she held a supervisory or administrative position, his claims fail. *See Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (*respondeat superior* theory inapplicable in § 1983 cases).

Plaintiff's claims against Corinne Unknown will also be dismissed. Plaintiff can be understood to allege that Corinne Unknown, a nurse, performed a physical examination and determined that medical or dietary restrictions were unnecessary. These allegations establish only that plaintiff disagrees with Nurse Corinne's medical assessment, not that she invaded a federally-protected right. *See Popoalii v. Correctional Medical Services*, 512 F.3d 488, 499 (8th Cir. 2008) (a mere disagreement with a medical assessment does not establish a constitutional violation).

Plaintiff's claims against Echele, Mills, Clawson and Wallette will also be dismissed. To the extent plaintiff can be understood to allege that any defendant denied him a diet he believed was medically necessary, his claims fail. As indicated above, plaintiff's own allegations establish that he was given a physical examination upon entry to the jail, and that a medical professional determined that no medical or dietary restrictions were warranted. As noted above, the fact plaintiff disagrees with this assessment does not state a claim of constitutional dimension. *See id.*

To the extent plaintiff can be understood to allege that Echele, Mills, Clawson or Wallette violated his First Amendment right to religious freedom by denying him a particular diet, his claims also fail. The First Amendment provides, in relevant part, that Congress shall make no law prohibiting the free exercise of religion. U.S. CONST. amend. I. Inmates retain the protections of the First Amendment, *Turner v. Safley*, 482 U.S. 78 (1987), and must be provided reasonable opportunities to exercise their First Amendment right to religious freedom. *Cruz v. Beto*, 405 U.S. 319 (1972). In order to present a valid First Amendment claim, plaintiff has the burden of establishing that the alleged religious belief or ritual in question (in this case the receipt of some sort of special diet) is based upon a teaching of his religion, that his belief in the

teaching is sincerely held, and that the governmental action in question infringes upon his free exercise of this belief. *Goff v. Graves*, 362 F.3d 543, 547 (8th Cir. 2004) (citing *Hamilton v. Schriro*, 74 F.3d 1545, 1550 (8th Cir. 1996)).

In the case at bar, plaintiff states he practices a monotheistic religion, and he refers to kosher food, Jewish dietary law, and Ramadan. However, he makes no attempt to allege that he practices any particular religion, much less that a special diet is based upon the teaching of such religion and that his belief in the teaching is sincerely held. In addition, in both the amended complaint and the "Order to Show Cause for a Preliminary Injunction," plaintiff alleges he wants a special diet for reasons other than religious training or belief. Plaintiff's vague assertions of an unspecified religious belief are insufficient to trigger First Amendment protections. *See DeHart v. Horn*, 227 F.3d 47, 51 (3rd Cir. 2000) ("The mere assertion of a religious belief does not automatically trigger First Amendment protections . . . [and] only those beliefs which are both sincerely held and religious in nature are entitled to constitutional protection.").

The foregoing notwithstanding, plaintiff's allegations would not state a plausible First Amendment claim against Echele, Mills, Clawson or Wallette. In setting forth his claims, plaintiff alleges only that these defendants denied his requests for a "dietary change" and "religious items," and denied other unspecified requests. (Docket No. 8 at 5-7). Plaintiff's allegations wholly lack a factual basis from which the Court can identify a plausible First Amendment claim. *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Finally, plaintiff does not identify the defendant or defendants involved in denying him a kosher meal during Ramadan. *See Madewell*, 909 F.2d at 1208 ("Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights.").

Plaintiff also appears to allege that grievances he filed were denied or improperly processed. However, such allegations do not state an actionable constitutional claim. *See Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (a grievance procedure is procedural right only and confers no substantive right on inmate).

Plaintiff also alleges that he found hair in his food on two occasions during Ramadan. Plaintiff does not allege that he was served food that was nutritionally inadequate, made him ill, or was prepared in a manner that endangered his health. While inmates are entitled to nutritionally adequate food, an allegation involving isolated incidents of foreign objects in food does not state a claim of constitutional dimension. *See Hamm v. DeKalb County*, 774 F.2d 1567, 1572 (11th Cir. 1985).

Plaintiff also states that he was denied medical care on several occasions, and he claims that the defendants were deliberately indifferent. However, plaintiff does not identify the defendants involved, nor does he specify the medical need in question. Again, plaintiff fails to plead facts from which the Court can identify a plausible claim. *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Plaintiff also alleges that certain defendants failed to follow jail policy. However, it is well established that an internal jail policy or procedure does not create a constitutional right, nor does a jail official's failure to follow such a policy or procedure rise to the level of a § 1983 claim. *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003) (*citing Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996)); *see also Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997) (failure to follow prison policy is not basis for § 1983 liability). Plaintiff also claims that certain defendants engaged in a conspiracy. To prevail on a § 1983 claim for conspiracy, a plaintiff

9

must allege, *inter alia*, the deprivation of a constitutional right or privilege. *Askew v. Millerd*, 191 F.3d 953, 958 (8th Cir. 1999) (internal citation omitted). Here, as discussed above, plaintiff's allegations fall short of alleging any constitutional violation. He therefore cannot maintain a § 1983 conspiracy claim. Even if plaintiff had successfully alleged a constitutional violation, his conspiracy claim would fail because he pleads no specific facts suggesting a meeting of the minds. *See Manis v. Sterling*, 862 F.2d 679, 681 (8th Cir. 1988). Finally, because plaintiff's allegations fall short of alleging any constitutional violation, he cannot establish a *Monell* claim for any policies, practices or customs leading to one.

Because plaintiff's federal claims will be dismissed, his supplemental state claims will also be dismissed. *See* 28 U.S.C. § 1367(c)(3); *United Mine Workers v. Gibbs*, 383 U.S 715, 726 (1966) (if federal claims are dismissed before trial, remaining state claims should also be dismissed).

Accordingly, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that both of plaintiff's motions for preliminary injunction (Docket Nos. 2 and 9) are **DISMISSED** as moot.

**IT IS FURTHER ORDERED** that both of plaintiff's motions for the appointment of counsel (Docket Nos. 4 and 10) are **DISMISSED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 23rd day of August, 2018.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

10